## Skiles, Appellant, *v.* Dickson et al.

*Evidence—Fraud—Question for jury.*

Of the two assignors of a mortgage, one testified that the assignment of it to a garnishee in execution attachment was made without full consideration and in fraud of the creditors of the witness. The other assignor and the assignee both testified in full contradiction thereof. In such case, it was not error to refuse to submit the question of fraud to the jury.

Argued Nov. 9, 1891. Appeal, No. 316, Oct. T., 1891, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1891, No. 726, on verdict for garnishee. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

Henry Skiles issued an execution attachment from a judgment in his favor against Henry Dickson, to No. 447 Sept. Term 1874, and summoned Hill Burgwin as garnishee. Issue.

At the trial of the issue on the plea of the garnishee, on Dec. 19, 1891, it was shown that on Nov. 30, 1879, Dickson, the debtor, alleged to have been then insolvent, and one Burchfield, assigned to Mr. Burgwin, the garnishee, certain mortgages in which they each had an equal interest. It was claimed that this assignment was fraudulent as to Dickson's creditors ; and, as evidence thereof, Dickson testified that he received nothing for his interest in the mortgages, save perhaps a release from the payment of a claim for $125 held by Mr. Burgwin for attorney's fees, and that Mr. Burgwin promised, upon the collection of the mortgages, to pay over the surplus, if any, after payment of his claim, to Dickson's wife. Both Mr. Burgwin, the assignee, and Burchfield the other assignor of the mortgages, testified that these allegations were untrue and that the assignment was *bona fide* in payment of a valid claim held by Mr. Burgwin against himself and Dickson for professional services rendered during the course of ten years, no part of which had been paid ; that the mortgages were held at the time of the assignment by a third person, as collateral security for an unascertained balance on another large mortgage ; and that, to get control of the mortgages under the assignment, Mr. Burgwin had paid a large sum as a balance due to the prior assignee.

STOWE, P. J., instructed the jury to find in favor of the gar-

nishee.    Verdict and judgment for garnishee.    Plaintiff appealed.

*Error assigned*, was the charge of the court.

*W. I. Craig*, for the appellant, cited : Ettinger v. Jones, 139 Pa. 218 ; Redfield Co. v. Dysart, 62 Pa. 62 ; Krider v. Lafferty, 1 Wh. 303 ; 1 Greenl. Ev. § 279 ; 1 Whart. Ev. § 923.

*John S. Ferguson*, for the appellee, cited : Horton v. Weaver, 39 Leg. Int. 99 ; Small v. Ehrgood, 4 L. T. N. S. Pa. 61 ; Bear's Est., 60 Pa. 430.

PER CURIAM, January 4, 1892.
Judgment affirmed.                                         C.

## Rea *v.* Bell, Appellant.

*Will—Power—Restraint on alienation—Fee-simple.*

Real estate was devised to a son in fee-simple, " with full power at any time during his life to . . . . convey the same in fee-simple " to another son ; " and in case of his failure " so to convey, " then after his death," over : *Held* that, the first devisee took an estate in fee-simple, not cut down by the provisions following.

Argued Nov. 9, 1891.    Appeal No. 317, Oct. T., 1891, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1891, No. 5, for plaintiff on case stated.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

On September 4, 1891, a case stated was filed wherein John Rea was plaintiff and James R. Bell defendant, setting forth as follows :

" Henry Rea, Sr., being the owner of the lots and houses hereinafter mentioned, died on the 29th day of Jan., 1886, having previously made his will, which after his death was duly probated and registered, by which will, (a copy of which, marked exhibit A, is hereby attached and made part of this case,) amongst other things, he provided as follows, viz. :

" ' Fourth.  To my son, John Rea, I give and devise all those four certain houses and lots situated in the city of Pittsburgh, county of Allegheny, and state of Pennsylvania, on Crawford street, between Centre and Wylie Avenues, and known and